**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Henrietta G. Lee ) | C/A No. 2:09-3303-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff, proceeding *pro se*, seeks judicial review of the final decision of the Commissioner of Social Security regarding her claim for disability insurance benefits ("DIB").[1] Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report as modified herein and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

---

[1] During the administrative hearing process Plaintiff was represented by counsel, Lisa Long-Cotten. *See* Tr. 43.

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Report, filed on June 3, 2011, recommends that the decision of the Commissioner be affirmed. Dkt. No. 52. On June 6, 2011, Plaintiff filed a motion for extension of time to file objections to the Report. Dkt. No. 54. Even though the court granted Plaintiff's motion (Dkt. No. 57), Plaintiff has failed to file objections.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed for DIB on May 5, 2005 alleging that she became disabled in May 2002 (Tr. 51-53) due to asthma, panic attacks, depression, shortness of breath, acid reflux, and carpal tunnel. Tr. 64. Her application was denied initially and upon reconsideration. Tr. 29-34, 36-38. In April of 2006, Plaintiff requested a hearing before an ALJ. Tr. 39. On March 26, 2008, a month before her hearing was scheduled, Plaintiff, through counsel, amended her application to reflect a closed period of disability from December 1, 2005 to February 5, 2007. Tr. 133-34. The ALJ held a *de novo* hearing on April 4, 2008. Tr. 271-79. On May 12, 2008, the ALJ issued a fully favorable decision finding Plaintiff was disabled from December 1, 2005 to February 5, 2007, because she could not perform her past relevant work or any other work existing in significant numbers in the national economy during that time period. Tr. 13-19.

Subsequently, Plaintiff filed a timely request for review with the Appeals Council, alleging that she was entitled to benefits beginning April 5, 2005, rather than December 1, 2005. Tr. 266.

With this request, Plaintiff submitted additional evidence, which consisted of statements from Plaintiff's treating physician regarding Plaintiff's condition in April 2005. *Id.* The Appeals Council, after considering the additional evidence, found no reason to review the ALJ's decision. Tr. 4-6. Thus, the ALJ's decision became final for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2010). Plaintiff then filed this action *pro se* requesting that her disability benefits be awarded starting as of May 5, 2005 rather than December 1, 2005, the date provided for in the ALJ's decision. *See* Dkt. No. 39.

## DISCUSSION

As stated above, even though the court granted Plaintiff's motion for extension of time to file objections, no objections were filed in this matter. In the absence of objections, the court reviews the Report for clear error. For the reasons set forth below, the court adopts the conclusion of the Report and affirms the decision of the Commissioner.

Plaintiff's sole argument in seeking review of the Commissioner's final decision is that she is entitled to benefits as of an earlier date.[2] Dkt. No. 39. Although not explicitly argued in her brief, it appears that the basis of Plaintiff's argument is the additional evidence she sent, through her attorney, to the Appeals Council after the ALJ's decision. As referenced above, this evidence consisted of a form completed by Plaintiff's treating physician, Dr. William L. Miles, in May 2005, stating that based on a physical exam conducted April 5, 2005 Plaintiff was unable to perform even sedentary work. Tr. 267-68. In its notice denying Plaintiff's request for review, the Appeals Council stated that "[i]n looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council. We found that this

---

[2] The court notes that although her request to the Appeals Council argued that she was entitled to benefits from April 5, 2005, Plaintiff is now requesting benefits beginning in May 2005. *See* Tr. 266 and Dkt. No. 39.

3

information does not provide a basis for changing the [ALJ]'s decision." Tr. 5.  Even though the Social Security regulations require that the Appeals Council adhere to a particular standard in considering new evidence[3], the court notes that in this case the Appeals Council failed to articulate a reason for its decision not to grant review based on Plaintiff's additional evidence.

This court has held in several cases that the Appeals Council's failure to articulate reasons for not granting review based on additional evidence warranted remand.[4]  However, the facts of this case do not require remand.  As stated above, Plaintiff through counsel amended her DIB application to reflect a closed period of disability from December 1, 2005 to February 5, 2007.  The additional evidence that she submitted to the Appeals Council pre-dated this time frame.  As Plaintiff took the position before the ALJ that she was only disabled for a certain time, additional evidence relating to her condition outside this time period is not relevant and could not support a finding by the Appeals Council that the ALJ's decision was "contrary to the weight of the evidence currently of record."  *Cf. Richardson v. Dir. of Office of Worker's Compensation Programs*, 94 F.3d 164, 167

---

[3] Pursuant to 20 C.F.R. § 404.970(b)

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b).  "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

[4] *See Tanner v. Astrue*, No. 8:10-270-CMC-JDA, 2011 WL 2313042 (D.S.C. June 9, 2011); *Luster v. Astrue*, No. 9:10-1345-CMC-BM, 2011 WL 2182719 (D.S.C. June 6, 2011); *Sligh v. Astrue*, No. 9:10-485-CMC-BM, 2011 WL 2144595 (D.S.C. May 31, 2011).

(4th Cir. 1996) ("a stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it").

Accordingly, the court finds that failure of the Appeals Council to provide reasoning for its decision not to grant review does not warrant remand.[5]

## CONCLUSION

For the reasons stated above, the court adopts the conclusion of the Report and affirms the final decision of the Commissioner.

**IT IS SO ORDERED.**

                                                    s/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 14, 2011

---

[5] Plaintiff has not provided nor has the court found any other basis for remand or reversal of the Commissioner's decision in this matter.